UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| **CAROLYN SUE HILL,** | ) | |
| | ) | |
|        **Plaintiff,** | ) | Case No. _____ |
| | ) | |
| **v.** | ) | *Electronically Filed* |
| | ) | |
| **BANK OF AMERICA, N.A.** | ) | |
| | ) | |
|     **Serve:** Kentucky Secretary of State | ) | |
|           700 Capitol Avenue #86 | ) | |
|           Frankfort, Kentucky 40601 | ) | |
| | ) | |
| **Process Agent:** Any Agent or Officer | ) | |
|                    100 North Tryon Street | ) | |
|                    Charlotte, NC 28255 | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.** | ) | |
| | ) | |
|   **Serve:**    Corporation Service Company | ) | |
|                421 West Main Street | ) | |
|                Frankfort, Kentucky 40601 | ) | |
| | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | |
|   **Serve:**    CT Corporation System | ) | |
|                306 W Main St, Suite 512 | ) | |
|                Frankfort, Kentucky 40601 | ) | |
| | ) | |
| **TRANS UNION LLC** | ) | |
| | ) | |
|   **Serve:**    The Prentice Hall | ) | |
|                Corporation System | ) | |
|                421 West Main Street | ) | |
|                Frankfort, Kentucky 40601 | ) | |
| | ) | |
|        **Defendants.** | ) | |

\* \* \* \* \*

## COMPLAINT

1. This action seeks damages for violations of the Fair Credit Reporting Act ("FCRA"), arising out of Defendant Bank of America, N.A.'s false reporting of an alleged delinquent debt of Ms. Hill's, and Experian Information Solutions, Inc.'s ("Experian"), Equifax Information Services, LLC's ("Equifax"), and Trans Union LLC's ("Trans Union") failure to correct Bank of America, N.A.'s false reporting on Ms. Hill's credit reports. It further seeks a declaratory judgment resolving the account at issue in this action.

2. After Ms. Hill's husband, James Hill, passed away in January 2014, Bank of America, N.A. began attempting to collect credit card debt related to an account that belonged to Mr. Hill from Ms. Hill and reported alleged delinquencies to credit reporting agencies. Ms. Hill disputes that she is a joint account holder on the account. She has requested from Bank of America, N.A. the original application along with any supporting documentation for their claim that she is responsible for the debt; however, Bank of America, N.A. has refused to provide that documentation. Despite Ms. Hill's actions to dispute the debt, Experian, Equifax, and Trans Union have refused to remove the alleged debt from Ms. Hill's credit reports. As a result, Ms. Hill has suffered credit denials, which have caused her, among other things, to be unable to procure necessary medical care for her son.

## PARTIES AND JURISDICTION

3. Ms. Hill is a resident of the Commonwealth of Kentucky and resides within this district. At all times relevant to this action, she was a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4.      Bank of America, N.A. is a national bank registered to do business in the Commonwealth of Kentucky that does extensive business in this district and is subject to this Court's exercise of personal jurisdiction.

5.      Experian is a California corporation registered to do business and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

6.      Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

7.      Experian is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "customer reports," as that term is defined by the FCRA, 15 U.S.C. § 1681a(d), to third parties.

8.      Equifax is a Georgia corporation registered to do business and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

9.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

10.     Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "customer reports," as that term is defined by the FCRA, 15 U.S.C. § 1681a(d), to third parties.

11.     Trans Union is an Illinois corporation registered to do business and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "customer reports," as that term is defined by the FCRA, 15 U.S.C. § 1681a(d), to third parties.

14. This Court has subject matter jurisdiction over this action pursuant to the FCRA, 15 U.S.C. § 1681(p).

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

17. On January 18, 2014, James Hill, Ms. Hill's husband, passed away. After his death, Ms. Hill began receiving notices from Bank of America regarding a credit card account that was in Mr. Hill's name prior to his death.

18. Bank of America further began reporting alleged account deficiencies to credit reporting agencies.

19. Ms. Hill wrote to Bank of America to request the original application along with any documentation supporting Bank of America's claim that she is a joint account holder.

20. To date, Bank of America has refused to provide Ms. Hill the original application or any supporting documentation.

21. Ms. Hill disputed Bank of America's alleged debt with Defendants Experian, Equifax, and Trans Union.

22. Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. § 1681i(a)(2)(A), notified Bank of America of the dispute at or within five (5) days of Experian's receiving notice of the dispute from Ms. Hill.

23. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. § 1681i(a)(2)(A), notified Bank of America of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Ms. Hill.

24. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. § 1681i(a)(2)(A), notified Bank of America of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Ms. Hill.

25. Upon information and belief, Experian, Equifax, and Trans Union verified the Bank of America account.

26. Despite Ms. Hill's lawful requests for removal of the disputed item pursuant to the FCRA, Experian, Equifax, and Trans Union failed to remove the disputed item from Ms. Hill's credit reports. Upon information and belief, Experian, Equifax, and Trans Union did not evaluate or consider any of Ms. Hill's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's, Equifax's, and Trans Union's receipt of Ms. Hill's dispute.

27. As a result of Defendants' actions, Ms. Hill has lost credit opportunities, including credit that was sought to procure necessary medical care for her son, and has otherwise suffered severe emotional distress and anxiety.

28. As a consequence of Defendants' conduct as described above, Ms. Hill has been damaged in an amount to be determined at trial.

## COUNT 1:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – BANK OF AMERICA

29. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

30. By engaging in the conduct set forth above, Bank of America violated its duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

31. Bank of America's violations of the FCRA constitute negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o.

32. Bank of America's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

33. Ms. Hill demands that Bank of America correct this inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

34. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees and statutory damages pursuant to 15 U.S.C. § 1681n.

## COUNT 2:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – EXPERIAN

35. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

36. Experian's failure to remove the disputed item from Ms. Hill's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

37. Experian's failure to evaluate or consider any of Ms. Hill's information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Ms. Hill's disputes is a violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

38. Experian's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

39. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 3:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – EQUIFAX

40. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

41. Equifax's failure to remove the disputed item from Ms. Hill's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

42. Equifax's failure to evaluate or consider any of Ms. Hill's information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Ms. Hill's disputes is a violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

43. Equifax's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

44. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 4:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – TRANS UNION

45. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

46. Trans Union's failure to remove the disputed item from Ms. Hill's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

47. Trans Union's failure to evaluate or consider any of Ms. Hill's information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Ms. Hill's disputes is a violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

48. Trans Union's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

49. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

### COUNT 5:
### WILLFUL NONCOMPLIANCE WITH
### THE FAIR CREDIT REPORTING ACT – BANK OF AMERICA, N.A.

50. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

51. By engaging in the conduct set forth above, Bank of America willfully violated its duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

52. Bank of America's violations of the FCRA constitute willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n.

53. Bank of America's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

54. Ms. Hill demands that Bank of America correct this inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

55. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 6:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – EXPERIAN

56. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

57. Experian's failure to remove the disputed item from Ms. Hill's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

58. Experian's failure to evaluate or consider any of Ms. Hill's information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Ms. Hill's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

59. Experian's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

60. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 7:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – EQUIFAX

61. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

62. Equifax's failure to remove the disputed item from Ms. Hill's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

63. Equifax's failure to evaluate or consider any of Ms. Hill's information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Ms. Hill's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

64. Equifax's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

65. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 8:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT – TRANS UNION

66. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

67. Trans Union's failure to remove the disputed item from Ms. Hill's credit report despite knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

68. Trans Union's failure to evaluate or consider any of Ms. Hill's information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Ms. Hill's disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

69. Trans Union's actions caused Ms. Hill to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to her credit score, credit rating, and perceived credit worthiness.

70. In addition to actual damages, interest, expenses and court costs, Ms. Hill is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 9:
## DECLARATORY JUDGMENT

71. Ms. Hill incorporates by reference the allegations previously set forth in this Complaint.

72. A dispute has arisen concerning the parties' rights and obligations regarding the account at issue and the aforementioned federal statutes, and an actual case and controversy exists between Ms. Hill and Bank of America.

73. Accordingly, Ms. Hill requests that this Court enter a declaratory judgment on an expedited basis, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that she is not a joint account holder on the account in question.

74. Ms. Hill further requests this Court docket this matter for an early hearing pursuant to Fed. R. Civ. P. 57.

**PRAYER FOR RELIEF**

Accordingly, Ms. Hill requests that the Court grant the following relief:

1. Judgment in favor of Ms. Hill, together with an award of compensatory and statutory damages;

2. Declaratory judgment finding that Ms. Hill is not a joint account holder on the account in question and that Bank of America, N.A. may take no actions to collect from Ms. Hill on the account, including but not limited to making any credit reports regarding the account;

3. An award of attorney fees, costs and expenses incurred in prosecuting this action;

4. Punitive damages;

5. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

6. Trial by jury on all triable issues; and

7. All other relief to which Ms. Hill may be entitled.

          Respectfully submitted,

          CRAIG HENRY PLC
          James Craig
          Aaron J. Bentley


          /s/Aaron J. Bentley
          239 South Fifth Street, Suite 1400
          Louisville, Kentucky 40202
          Telephone:   (502) 614-5962
          Facsimile:   (502) 614-5968
          jcraig@craighenrylaw.com
          abentley@craighenrylaw.com


          *Counsel for Plaintiff Carolyn Sue Hill*